Bank, tendered to the defendant the warehouse receipts for said whisky upon the payment of said amount and that the defendant refused to accept said receipts and has since refused to accept said whisky and pay for the same; that the plaintiff holds said whisky for said defendant and is ready and willing to deliver the same upon 'the payment of the purchase price. The answer contained the following admission: " Admits that on or about May 16, 1918, said plaintiff and said defendant entered into an agreement whereby said plaintiff agreed to sell and said defendant agreed to purchase ten barrels of Kentucky whisky, Spring 1913 or 1914, at the agreed price of Three Dollars per gallon," and then alleged that the plaintiff had not complied with the terms of the agreement, that it had never delivered or offered to deliver said whisky to the defendant.

The Appellate Division held that tender of delivery of the warehouse receipts was equivalent to an actual delivery or a tender of physical delivery of the merchandise.

*Charles D. Newton* and *Dallas C. Newton* for appellant.
*William H. Tompkins* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JOSEPH RADICE, Appellant.

*Crimes — violation of provision of Labor Law forbidding employment of women in restaurant before six in morning or after ten in evening — judgment of conviction affirmed.*

*People* v. *Radice*, 202 App. Div. 776, affirmed.
(Argued June 6, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 16, 1922, which affirmed a judgment of the Erie County Court affirming a judgment of the City Court of Buffalo convicting the defendant of a violation of subdivision 3 of section 161 of the Labor

Law, as amended by chapter 535 of the Laws of 1917, forbidding the employment in cities of the first and second class of any woman over the age of sixteen years in or in connection with any restaurant before six o'clock in the morning or after ten o'clock in the evening of any day.

*Henry W. Hill* for appellant.

*Guy B. Moore, District Attorney (Walter F. Hofheins* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

PENNSYLVANIA WOOD AND IRON COMPANY, Respondent, *v.* NEW YORK CAR WHEEL COMPANY, Appellant.

*Contract — action to recover for merchandise sold and delivered — counterclaim for damages from alleged neglect to deliver all of merchandise contracted for.*

*Pennsylvania Wood & Iron Co.* v. *N. Y. Car Wheel Co.*, 197 App. Div. 927, affirmed.

(Argued June 8, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 24, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover the agreed price of certain scrap iron, liability for which was not disputed by defendant. The question litigated was raised by two counterclaims set up in the answer, both alleging that plaintiff had entered into a contract to sell and deliver certain scrap iron to defendant at an agreed price; that only part of said iron had been delivered and that plaintiff had failed and neglected to deliver the balance, to the defendant's damage in an amount greater than the sum due to the plaintiff. The reply alleged that plaintiff had offered to deliver the iron in question but that defendant had refused to accept delivery.